UNITED DRESSED BEEF CO. v. BURRELL et al.

(Supreme Court, Appellate Division, Second Department. October 7, 1910.)

1. PARTNERSHIP (§ 290*)—NOTICE OF DISSOLUTION—LIABILITY TO CREDITORS.
   Where, for some time prior to the alleged dissolution of a partnership, plaintiff had sold them goods, and at a subsequent sale nothing was done to call plaintiff's attention to the dissolution, a partner who had transferred his share was liable.
   [Ed. Note.—For other cases, see Partnership, Cent. Dig. § 651; Dec. Dig. § 290.*]

2. PARTNERSHIP (§ 291*)—NOTICE OF DISSOLUTION—LIABILITY TO CREDITORS.
   Where parties were doing business as copartners with plaintiff some time before a dissolution, the conversation of one of them to plaintiff's agent, made a year or more before their dissolution, that he intended to give his interest in the firm to his clerk, but that his brother wanted it, was not such a notice of the dissolution as to prevent plaintiff's recovery for goods sold thereafter.
   [Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 657–660; Dec. Dig. § 291.*]

Appeal from Special Term, Kings County.

Action by the United Dressed Beef Company against James Burrell and another. Judgment for plaintiff, and defendant James Burrell appeals. Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before WOODWARD, JENKS, THOMAS, RICH, and CARR, JJ.

John C. Judge, for appellants.

Philip B. Adams, for respondent.

WOODWARD, J.   The complaint alleges that the plaintiff is a domestic corporation, and, on information and belief:

"That at all the times hereinafter mentioned the defendants were, and still are, copartners doing business under the firm name and style of Burrell Bros."

The complaint then sets out a cause of action for the purchase price of goods sold and delivered to said firm, and a second cause of action on a promissory note made and delivered by said firm. Thomas Burrell, one of the defendants, made default in answering, while James interposed an answer, consisting simply of a denial of the allegations of the complaint. Upon the trial the plaintiff fully established the fact of a copartnership existing between the defendants, and that the plaintiff had sold such firm goods for a period of upwards of 15 years; that the business was conducted under the name of Burrell Bros. at all times, both before and after the transactions here in question; that there had never been any change in the signs displayed at the place of business, in the stationery used, or in the bank account kept by the firm. With this state of facts established, giving rise to the legal presumption that the copartnership still existed, and with no amendment of the pleadings, the defendant James Burrell attempted to show that there had been a dissolution of the partnership in 1905, and that notice of such dissolution had been conveyed to the plaintiff. This line of testimony was objected to on the part of the plaintiff, and admitted, the plaintiff taking exceptions; and it might be that as against persons dealing with the firm after 1905, without previous dealings, the fact might be deemed to be supported by evidence. But as it relates to the plaintiff in this action, who had dealt for years with the defendants, it is certain that there was no evidence from which it could be spelled out that there was any notice given of a dissolution of the partnership, or of any change in its personnel. The nearest possible approach to the giving of notice is contained in the testimony of James Burrell, to the effect that in 1893 or 1894, a year or more before the alleged dissolution of the partnership, he said to one London, who appears to have been an agent of the plaintiff in the selling of meats, etc., that he intended to give his interest in the firm of Burrell Bros. to his clerk, but that his brother, Thomas Burrell, objected to this, and said he wanted it all himself. There is not the slightest evidence that James Burrell ever told London that he had given his interest to his brother, or that he would do so at any particular time; merely that he, at that time, had some such project in view.

As we gather the case from the record, the plaintiff established that James and Thomas Burrell were copartners at some time prior to the contracting of the obligations sued upon; that at the time such obligations were contracted there was nothing in the manner of doing business on the part of the defendants which was calculated in any manner to call attention to any alleged change in the copartnership

These facts were not disputed. The plaintiff was, therefore, entitled to judgment, unless it was made to appear that the plaintiff had sold goods to the firm of Burrell Bros., knowing that James Burrell, the responsible member, had retired from the firm. Leaving out of consideration the question of pleading, and assuming that James Burrell might, under his general denial, disprove the existence of a partnership, as between himself and the plaintiff, owing to the giving of notice of such dissolution, it must be clear from a reading of the testimony that he has failed in this particular; for it cannot be held that a mere talk about retiring from a partnership, a year before it is suggested that such retirement took place, is not notice that such retirement actually took place a year or more later. The most that can be said of such testimony is that it might possibly have required less evidence to show that the plaintiff had notice at the time of the retirement, because it might have had notice that such a thing was likely to occur; but the evidence in this case shows so conclusively that there was nothing from which any reasonably prudent person could have been led to know that there was any change whatever in the personnel of the firm, or its manner of doing business, that it would be preposterous to hold that the defendant had produced any evidence to support his alleged defense. On the contrary, it is difficult to read the record in this case without reaching the conclusion that the defendant appellant, knowing that the concern was hopelessly insolvent, sought secretly to retire from the business and avoid the obligations, and that to accomplish this purpose he consented to have the affairs of the firm carried on in exactly the same manner that they had been carried on all through its relations with the plaintiff.

The judgment and order appealed from should be affirmed, with costs. All concur; JENKS, J., in result.